UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAY BRADSHAW,

                          Plaintiff,

– against –

CITY OF NEW YORK, OFFICER WILLIAMS, SHIELD NO. #10349, OFFICER MARTINEZ, SHIELD NO. #18254, CAPTAIN JAMES SPRINGER SHIELD NO. #1422, OFFICER JAMES, SHIELD NO. #17597, OFFICER DEAN, AND CAPTAIN JOHN DOE,

                          Defendants.

**OPINION AND ORDER**

18 CIV. 8215 (ER)

Ramos, D.J.:

    *Pro se* Plaintiff Jay Bradshaw brings this action against the City of New York ("the City"), Officers Williams, Martinez, James, and Dean, as well as Captains Springer and Doe under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. Specifically, Bradshaw alleges that by strip searching him on multiple occasions Defendants unlawfully searched him, violated his equal protection rights, and failed in their affirmative duty to intervene to prevent unlawful conduct. Bradshaw also brings claims of municipal liability and supervisory liability against the City. The City, Officer Williams, Officer Dean, and Captain Springer now move for revocation of Bradshaw's *in forma pauperis* status and dismissal of Bradshaw's

complaint pursuant to the Prisoner Litigation Reform Act ("PLRA") 28 U.S.C. § 1915.[1] For the reasons set forth below, that motion is granted.

**I.     Background**

Bradshaw has previously filed three civil actions while incarcerated. All three were dismissed. On June 18, 2008, Bradshaw filed a *pro se* complaint ("the McQueen Complaint") alleging that multiple employees of the City violated his constitutional rights when one of them grabbed his penis during a strip search. *Jay Bradshaw v. Officer McQueen, et al.*, No. 08-cv-5518, at 1-2 (S.D.N.Y. Feb. 5, 2010). Defendants moved for a Rule 12(c) judgement on the pleadings on the grounds that Bradshaw's allegations did not rise to the level of a constitutional violation. *Id.* 2. Bradshaw sent a letter to the Defendants on March 31, 2009 which appeared to indicate that he no longer wished to pursue his lawsuit but that he wanted a letter of apology from McQueen. *Id*. Defendants responded that they were unwilling to provide an apology and sent Bradshaw a proposed stipulation of voluntary dismissal. *Id*. Bradshaw did not respond to the proposal and did not file opposition papers to the motion for judgement on the pleadings. *Id*. 2-3. Despite the fact that Bradshaw appeared to withdraw his claim by sending the letter on March 31, the court decided the motion as unopposed rather than dismiss it summarily due to Bradshaw's *pro se* status and his failure to sign the proposal. *Id.* 3. The court found that the Defendant's behavior was insufficiently serious to raise a constitutional claim and declined jurisdiction over a state law claim and therefore dismissed Bradshaw's complaint. *Id.* 7-8.

On June 6, 2013, Bradshaw filed a *pro se* complaint ("The Brown Complaint") alleging malicious prosecution, intentional and reckless infliction of emotional distress, violation of 42 USC § 1983, and civil conspiracy under 42 USC § 1985, after the district attorneys prosecuting

---

[1] Officer James has yet to be served with service of process. Officer Martinez is not represented by the defendants' counsel.

2

his criminal case allegedly failed to produce three pieces of evidence and provided false testimony.  *Jay Bradshaw v. Richard Brown, et al.*, No. 13-cv-04308, at 2 (E.D.N.Y. Sep. 30, 2016).  Defendants filed a motion to dismiss for failure to state a claim.  *Id.* 3.  The court converted the motion to dismiss into a motion for summary judgement pursuant to Rule 12(d) as the parties presented materials outside of the pleadings during the motion to dismiss.  *Id.* 4.  The court granted summary judgement and dismissed the complaint on the grounds that the district attorney's office is not a suable entity, that prosecutors have absolute immunity regarding actions that are intimately associated with the judicial phase of the criminal process, and that Bradshaw's evidence (two newspaper articles which were hearsay and which did not establish constitutional violations similar to the ones he was alleging) did not and could not by themselves establish the existence of a policy or custom of violating constitutional rights.  *Id.* 5-8.

On April 13, 2015, Bradshaw filed a *pro se* complaint ("The New York Complaint") alleging false arrest and false imprisonment, intentional infliction of emotional distress, municipal liability, and negligent hiring, training, and supervision, and violations of the fourth and fourteenth amendments after his detention and arrest on state law charges that were eventually dismissed.  *Jay Bradshaw v. The City of New York et al.*, No. 15-cv-2166, at 2 (E.D.N.Y. August 21, 2017).  Defendants filed a motion to dismiss on September 14, 2016.  *Id.* 3.  The court looked to whether Bradshaw had "state[d] a claim that [was] plausible on its face" and then dismissed on grounds that, *inter alia*, the statute of limitations had run.  *Id.* 3, 5-7.

Bradshaw now brings another *pro se* and *in forma pauperis* complaint.  Bradshaw alleges that by strip searching him on multiple occasions Defendants unlawfully searched him, violated his equal protection rights, and failed in their affirmative duty to intervene to prevent unlawful conduct.  Compl. 2-5. Bradshaw also brings claims of municipal liability and supervisory

3

liability against the City. *Id.* 6. He filed as *in forma pauperis* on September 4, 2018. *See* Doc. 1, 1. Defendants move for revocation of Bradshaw's *in forma pauperis* status and dismissal of the complaint as they contend that Bradshaw has three prior strikes. *See* Doc. 26, 1.

## II. Discussion

The PLRA bars prisoners from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A frivolous complaint is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotations omitted). "The phrase fails to state a claim upon which relief may be granted is an explicit reference to Fed.R.Civ.P. 12(b)(6)." *Tafari*, 473 F.3d at 442. As Rule 12(c) motions for judgment on the pleadings "utilize the same standard applicable to Rule 12(b)(6) motions," they also count as strikes. *Ifill v. Evans*, No. 10-cv-1474, 2012 Lexis 197343, at *3 (N.D.N.Y. Feb. 13, 2012).

Defendants claim that Bradshaw's first strike came from the dismissal of the McQueen Complaint pursuant to Rule 12(c). *See* Doc 26, 6. Bradshaw disputes that his complaint was dismissed on the pleadings and claims that it was either voluntarily dismissed or dismissed for failure to prosecute. *See* Doc. 29, 1-2. While Bradshaw did send a letter to Defendants indicating that he no longer wished to pursue his claim, he never filled out the stipulation of voluntary dismissal that defendants sent him. *McQueen*, 08-cv-5518 at 2. Despite the fact that Bradshaw appeared to withdraw his claim, the court decided the motion as unopposed, rather

4

than dismiss the claim summarily, due to Bradshaw's *pro se* status and his failure to sign the stipulation of voluntary dismissal. *Id.* 3. Whether or not that decision was correct, "all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done." *Jones v. Harish Moorjani*, No. 13-cv-2247, 2013 Lexis 175290, at *28 (S.D.N.Y. Dec. 13, 2013) (citing *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438-439 (D.C. Cir. 2007)). Thus, Bradshaw's argument that the case was not dealt with on a 12(c) motion is baseless and he accumulated his first strike through the dismissal of the McQueen Complaint.

Defendants claim that Bradshaw's second strike came from the dismissal of the New York Complaint pursuant to Rule 12(b)(6) for failure to state a claim. *See* Doc. 26, 5. Bradshaw contends that the dismissal of that case was based on the statute of limitations which is an affirmative defense and hence his complaint was not dismissed for failure to state a claim. *See* Doc 30, 1. The courts in this circuit have held that when a complaint "reveals on its face an affirmative defense like the statute of limitations; for purposes of 1915(g), an express specification that such a dismissal was for failure to state a claim is enough to elicit a strike." *Jones*, 2013 Lexis 175290, at *28; *see also Palmer v. N.Y.S. Dept. of Correction*, No. 06-cv-2873, 2007 WL 4258230, at *6 (S.D.N.Y. Dec. 4, 2007) (an action dismissed as barred by the statute of limitations failed to state a claim upon which relief could be granted); *but see Myles v. U.S.*, 416 F.3d 551, 553 (7th Cir. 2005) (because the statute of limitations is an affirmative defense dismissal of a complaint as time-barred is not a strike under 1915(g)). The court in the New York Complaint expressly stated that it was looking at whether Bradshaw had "state[d] a claim that [was] plausible on its face." *Bradshaw v. The City of New York*, No. 15-cv-2166 at 3. The court then dismissed Bradshaw's complaint making it clear that he did not state a claim. The dismissal of the New York Complaint therefore constituted Bradshaw's second strike.

5

Defendants claim that Bradshaw's third strike came from the grant of the motion for summary judgement in the Brown Complaint. *See* Doc. 26, 5. The mere fact that summary judgement was granted for the defendants in that case is insufficient to establish a strike under 1915(g). *See Walker v. Kirschner*, No. 96-cv-7746, 1997 WL 698190, at *2 (S.D.N.Y. Nov. 7, 1997); *Lewis v. Healy*, No. 08-cv-148, 2008 WL 5157194, at *5 (N.D.N.Y. Dec. 8, 2008); *Burgess v. Conway*, 631 F. Supp. 2d 280, 282 (W.D.N.Y. 2009); *Barnes v. Annucci*, No. 915-cv-0777, 2016 WL 4702276, at *3 (N.D.N.Y. Sept. 7, 2016) (collecting cases). However, "a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the PLRA's three-strikes provision." *Dove v. City of Binghamton*, No. 14-cv-627, 2014 WL 5308152, at *2 (N.D.N.Y. Oct. 16, 2014); *see also Barnes*, 2016 WL 4702276, at *3 (summary judgment can qualify as a strike if there was an explicit finding of frivolousness, maliciousness, or failure to state a claim). In the Brown Complaint, Bradshaw's allegations against the district attorneys were dismissed on the grounds of absolute immunity and his allegations against the district attorney's office were dismissed on the grounds that the district attorney's office is a non-suable entity. Dismissal on these grounds indicate that the action was frivolous. *Cf. Collazo v. Pagano*, 656 F.3d 131, 133-134 (2d Cir. 2011) (claims dismissed on the grounds of prosecutorial or judicial immunity are frivolous for the purpose of 1915(g)).

In dismissing the last part of the Brown Complaint, the Monell claim, the court made clear that it was dismissed because it lacked an arguable basis in fact. Not only was Bradshaw's evidence "insufficient to establish a Monell claim" but it was hearsay that did not touch on constitutional violations similar to the ones in Bradshaw's complaint. *Bradshaw v. Brown*, No. 13-cv-04308, at 7. Bradshaw's newspaper articles "[did] not, and [could not], establish the

existence of a policy or custom of violating constitutional rights." *Id.* Bradshaw's complaint was therefore frivolous as the court made clear that his factual allegations were completely without merit. *See Dove*, 2014 WL 5308152, at *2 (a complaint dismissed at summary judgement for being bereft of facts demonstrating the existence of plaintiff's claims was frivolous). As such, despite the fact that dismissal of an action at summary judgement usually does not count as a strike for the purposes of 1915(g), the dismissal of the Brown complaint falls within the exception.[2] Bradshaw therefore has three strikes and as he makes no claim of being in imminent danger of serious physical injury he may not bring actions *in forma pauperis*.

### III. Conclusion

The Court revokes its previous determination permitting Plaintiff to proceed *in forma pauperis* and grants Defendants' motion to dismiss, unless, within 30 days from the date this Decision and Order is docketed, Plaintiff pays the requisite filing fee, which at the time his complaint was originally filed was $400.00. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to terminate the motion, Doc. 25, and to mail a copy of the order to the Plaintiff.

It is SO ORDERED.

Dated: June 17, 2019
New York, New York

Edgardo Ramos, U.S.D.J

---

[2] The court notes that while the Brown case was dismissed on summary judgement, the motion was originally filed as a motion to dismiss and was then converted to a motion for summary judgement because, at the request of the parties, the court relied upon material outside of the complaint. *Bradshaw v. Brown*, No. 13-cv-04308, at 4.